UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                                :
BRANTLEY CAPITAL CORPORATION,   :         CASE NO. 1:07-CV-645
                                                :
                    Plaintiff,              :
                                                :
vs.                                         :         OPINION & ORDER
                                                :         [Resolving Doc. No. 68]
ROBERT PINKAS, et al.,                      :
                                                :
                    Defendants.             :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

　　　　Defendants Robert Pinkas et al., ("Pinkas") move the Court for entry of a protective order

governing the disclosure of certain confidential materials in this case.  [Doc. 68.]  For the reasons

set forth below, the Court **DENIES** Defendant Pinkas's request for entry of the proposed order.

## I.  Legal Standard and Analysis

　　　　Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

subject matter involved in the pending action.  FED. R. CIV. P. 26(b)(1).  However, the law vests a

trial court with the authority to limit pretrial discovery and, upon a showing of good cause, a court

"may make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense . . . ."  FED. R. CIV. P. 26(c).  A trial court

holds sound discretion to grant a motion for a protective order.  *Procter & Gamble Co. v. Bankers

Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

　　　　In making such a determination, a court must balance the parties' competing interests and

compare the hardships of granting or denying the request.  *Marrese v. Am. Acad. of Orthopaedic*

Case No. 1:07-CV-645
Gwin, J.

*Surgeons,* 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 470 U.S. 373 (1985).

Movant bears the burden to demonstrate that the balancing of hardships weighs in his favor. *Nix v.*

*Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001).

When deciding whether to grant a protective order, a court must also remain aware that

public access to court documents is a fundamental feature of the American judicial system. *See*

*Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983).

Unwarranted secrecy of court documents precludes the public's right to act as an important check

on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public

access to judicial records exists. *See, e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir.

1984).

To have information in a court's records kept under seal, the movant must make a specific

showing that disclosure of information would result in some sort of serious competitive or financial

harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).

The Court has adopted this prerequisite and, as such, requires that the movant for a protective order

show substantial personal or financial harm before it will seal any documents.

This Court operates as a public forum, not a private dispute resolution service. Despite this,

Defendant Pinkas requests blanket authority to designate certain documents as "CONFIDENTIAL"

and file pleadings and exhibits under seal as the parties deem necessary. [Docs. 68, 68-3.] To this

end, Defendant Pinkas offers a four-page "Agreed to Protective Order." *Id.* Defendant Pinkas may

request such a broad Order, but he does not demonstrate that this case warrants it. *Id.* Defendant

Pinkas offers no detail as to any supposedly confidential information. *Id.* Defendant Pinkas makes

no showing as to why the Court should remove any document from public view. *Id.* Consequently,

-2-

Case No. 1:07-CV-645
Gwin, J.

the Court denies Defendant Pinkas's request.

Of course, the Court does not bar the parties from freely entering into private confidentiality agreements with respect to disclosure of documents and information. Nor does the Court intend to prevent the parties from moving to seal an individual document in the file, provided they make the required particularized showing. In his instant motion, however, Defendant Pinkas has not made such a case and, therefore, the Court will not seal any materials.

## II. Conclusion

Accordingly, this Court **DENIES** Defendant Pinkas's request for the entry of the proposed protective order. [Doc. 68.]

IT IS SO ORDERED.


Dated: July 11, 2007                                    s/            *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE